# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| FARMERS COOPERATIVE SOCIETY, SIOUX CENTER, IOWA<br><br>    Plaintiff,<br><br>vs.<br><br>LEADING EDGE PORK LLC & BRENT LEGRED,<br><br>    Defendants.<br><hr>LEADING EDGE PORK LLC,<br><br>    Counter Claimant,<br><br>vs.<br><br>FARMERS COOPERATIVE SOCIETY, SIOUX CENTER, IOWA,<br><br>    Counter Defendant. | No. 16-CV-4034-LRR<br><br>**ORDER** |

_____

The matter before the court is Plaintiff Farmers Cooperative Society, Sioux Center, Iowa's ("FCS") Response to Order to Show Cause ("Response") (docket no. 60), filed on May 5, 2017.

In an order dated May 2, 2017, the court observed that, on December 13, 2016, Defendants Leading Edge Pork LLC and Brent Legred (collectively, "Leading Edge") filed an Amended Answer and Counterclaims ("December 13 Answer") (docket no. 46), alleging several counterclaims against FCS. *See* May 2, 2017 Order (docket no. 55) at 2 n.1. Because FCS submitted no responsive pleading to the counterclaims alleged in the December 13 Answer, the court ordered FCS "to show cause as to why the court should not treat as admitted the factual allegations made" therein. *See id.* at 5.

In the Response, FCS states that the counterclaims in the December 13 Answer are

identical to the counterclaims alleged by Leading Edge on October 4, 2016, in its Answer and Counterclaims ("October 4 Answer") (docket no. 24). *See* Response at 1. FCS states that it responded to the October 4 Answer and the counterclaims therein on two separate occasions—in its Reply and Answer to Counterclaims (docket no. 27) and its Amended Reply and Answer to Counterclaims (docket no. 38). *See* Response at 1-2. FCS does not claim that it submitted any further response to the counterclaims when realleged in the December 13 Answer. However, FCS argues that its responses to the October 4 Answer sufficiently embrace the identical counterclaims appearing in the December 13 Answer, such that no further response was required. *See id*. at 2-3. The court agrees.

Federal Rule of Civil Procedure 8(b)(6) provides that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). If a plaintiff responds to a counterclaim when it is first raised by a defendant, the plaintiff is not required to provide an additional response if the defendant files an amended answer that includes a "seemingly identical" counterclaim. *Barkley, Inc. v. Gabriel Bros., Inc.*, No. 13-01013-CV-W-JTM, 2014 WL 6604457, at *4 (W.D. Mo. Nov. 20, 2014). In such a circumstance, "the failure to respond to an amended pleading does not result in admissions under Rule 8[] when the answer to the original pleading had the effect of denying the crucial allegations in the amended pleading." *Id*. (alterations omitted) (quoting Wright, Miller, et al., Federal Practice and Procedure § 1279); *see also LaGorga v. Kroger Co.*, 407 F.2d 671, 673 (3d Cir. 1969) ("While it would have been preferable for the [party] to respond directly to the amended complaint, [where the party previously denied substantially similar allegations], the failure to specifically respond did not result in an admission under Rule 8[].").

With respect to the instant case, a comparison of the October 4 Answer and the December 13 Answer reveals that the counterclaims alleged therein are virtually identical. Because FCS filed responsive pleadings to the October 4 Answer, in which it denied "the

crucial allegations" of the counterclaims, a response to the December 13 Answer was not required, and the court shall not treat the factual allegations included in the December 13 Answer as admitted.

**IT IS SO ORDERED.**

**DATED** this 10th day of May, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA