# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| FARMERS COOPERATIVE SOCIETY, SIOUX CENTER, IOWA<br><br>    Plaintiff,<br><br>vs.<br><br>LEADING EDGE PORK LLC & BRENT LEGRED,<br><br>    Defendants.<br><hr>LEADING EDGE PORK LLC,<br><br>    Counter Claimant,<br><br>vs.<br><br>FARMERS COOPERATIVE SOCIETY, SIOUX CENTER, IOWA,<br><br>    Counter Defendant. | No. 16-CV-4034-LRR<br><br>**ORDER** |

_____

The matter before the court is the imposition of sanctions on attorneys Michael Sawers and Justin Weinberg. On May 3, 2017, the court provided notice that it was considering whether to impose sanctions on Sawers and Weinberg for their "fil[ing] [of] documents as attorneys in this case when they were not admitted to practice in the United States District Court for the Northern District of Iowa." May 3, 2017 Order (docket no. 58). On May 10, 2017, the court held a hearing on the issue, at which time Sawers and Weinberg provided argument as to why they should not be sanctioned. May 10, 2017 Minute Entry (docket no. 61). The matter is now ready for decision.

"By its nature as a court of justice, the district court possesses inherent powers 'to manage its affairs so as to achieve the orderly and expeditious disposition of cases.'" *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir.

2012) (alteration omitted) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "These inherent powers include the ability to supervise and 'discipline attorneys who appear before it' and discretion 'to fashion an appropriate sanction for conduct which abuses the judicial process' . . . ." *Id.* (quoting *Chambers*, 501 U.S. at 43, 44-45). "Because of the potency of inherent powers, 'a court must exercise its inherent powers with restraint and discretion.'" *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005) (alteration omitted) (quoting *Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993)). Although certain sanctions—such as attorneys fees—may be imposed only upon a finding of bad faith, monetary sanctions may be imposed without such a finding. *See Harlan*, 982 F.2d at 1260; *accord Books Are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 553-54 (S.D. Iowa 2007).

Sawers and Weinberg have litigated before the court on behalf of Defendants Leading Edge Pork LLC and Brent Legred (collectively, "Leading Edge") since removing the above-captioned case on May 3, 2016. *See* Notice of Removal (docket no. 2) at 3 (listing Sawers and Weinberg as "Attorneys for Leading Edge Pork, LLC"). Between May 3, 2016 and May 2, 2017, Sawers and Weinberg were the only attorneys that appeared on behalf of Leading Edge.

In the Notice of Removal, Sawers indicated that he is licensed to practice in Minnesota but had a pending pro hac vice motion that would enable him to appear before the court. *See* Notice of Removal at 3. However, Sawers failed to file a pro hac vice motion for nearly twelve months after the Notice of Removal was filed. Despite his failure to gain admission pro hac vice, Sawers regularly filed to the docket and appeared on behalf of Leading Edge, while representing to the court that he was admitted pro hac vice. *See, e.g.*, Oct. 12, 2016 Minute Entry (docket no. 26) (appearing, with Weinberg, at a telephonic status hearing before United States Chief Magistrate Judge C.J. Williams); Nov. 14, 2016 Minute Entry (docket no. 42) (appearing as sole defense counsel at a telephonic

2

status hearing before Judge Williams); Motion to Vacate (docket no. 47) at 2 (signed by Sawers as "pro hac vice"); Resistance to Motion for Contempt (docket no. 50) at 10 (same). It was only after the court identified Sawers's failure to gain admission that he filed a motion to appear pro hac vice. *See* Motion for Leave to Appear Pro Hac Vice (docket no. 57). At the May 10, 2017 hearing, the court granted Sawers's motion to appear pro hac vice.

Weinberg is licensed to practice in Iowa. However, he is not admitted to practice in the Northern District of Iowa. Like Sawers, Weinberg has actively litigated the above-captioned case for approximately twelve months, despite failing to gain admission. *See, e.g.*, Answer (docket no. 5) at 4 (signed by Weinberg); July 27, 2016 Minute Entry (docket no. 12) (appearing as sole defense counsel at a telephonic status hearing before Judge Williams); Status Report (docket no. 36) at 5 (signed by Weinberg).

Clearly, the Clerk of Court for the Northern District of Iowa further confused this situation. The Clerk knew Sawers was not admitted and should have known by doing a record check that Weinberg was also not admitted to practice in the district. One would assume that the Notice of Removal should therefore have been rejected at the time of initial filing or during the quality control phase of docketing. It was not. Instead, the Clerk made entries on the docket sheet suggesting that both Sawers and Weinberg were admitted to practice in the Northern District of Iowa. This could have had the effect of misleading the attorneys that they were, in fact, admitted. It was not until a year later that the undersigned discovered the docketing errors and the attorneys' negligent conduct. Thereafter, the attorneys took responsibility for the negligence.

The court finds the primary responsibility for compliance with court rules rests with Sawers and Weinberg. Their failure to properly gain admission during their twelve months of litigation before the court was negligent. The court finds such conduct could warrant sanctions, which could be imposed under the court's inherent powers. However,

the Clerk of Court bears some responsibility for this situation as well.  Therefore, the court has determined that sanctioning Sawers and Weinberg is not appropriate.

**IT IS SO ORDERED.**

**DATED** this 10th day of May, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA