**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| FARMERS COOPERATIVE SOCIETY, SIOUX CENTER, IOWA<br><br>    Plaintiff,<br><br>vs.<br><br>LEADING EDGE PORK LLC & BRENT LEGRED,<br><br>    Defendants. | No. 16-CV-4034-LRR<br><br>**ORDER** |
| LEADING EDGE PORK LLC & BRENT LEGRED,<br><br>    Counter Claimants,<br><br>vs.<br><br>FARMERS COOPERATIVE SOCIETY, SIOUX CENTER, IOWA,<br><br>    Counter Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Counter Defendant Farmers Cooperative Society, Sioux Center, Iowa's ("FCS") Application for Attorneys' Fees and Costs ("Application") (docket no. 95).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On July 20, 2017, the court entered summary judgment in FCS's favor on its breach of contract claim, but denied summary judgment as to the total amount of damages—specifically, FCS's recovery of contractual finance charges and collection costs, which include attorney's fees. *See* July 20, 2017 Order (docket no. 90) at 28. In its order, the court stated that the amount of "damages relating to the assessment of finance charges

and attorney's fees . . . . must be proven to the jury at trial." *Id.* at 25. On August 3, 2017, FCS filed the Application. In the Application, FCS argues that its recovery of attorney's fees must be determined by the court, rather than the jury. Memorandum in Support of Application ("FCS Brief") (docket no. 95-8) at 2. On August 3, 2017, the court ordered expedited briefing on the issue of whether the court or the jury should determine the extent of FCS's recovery of attorney's fees, where such fees are recoverable as collection costs in the contract. *See* August 3, 2017 Order (docket no. 96). On August 9, 2017, Counter Claimants Leading Edge Pork LLC and Brent Legred (collectively, "Leading Edge") filed a Response (docket no. 97). On August 11, 2017, FCS filed a Reply (docket no. 105). The matter is fully submitted and ready for decision.

## III. ANALYSIS

FCS argues that its recovery of attorney's fees must be determined by the court, rather than the jury, pursuant to Federal Rule of Civil Procedure 54(d)(2) and Iowa Code § 625.22. *See, e.g.*, Application at 3-4; FCS Brief at 2; FCS Objections to Jury Instructions (docket no. 99) at 1-2.

Rule 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). As Rule 54(d)(2) makes clear, the issue of attorney's fees is submitted to a jury only if they must be proven as substantive damages. Therefore, whether the court or the jury must determine the amount of recoverable attorney's fees depends on whether such fees are substantive damages.

Addressing this issue, the Eighth Circuit has stated that

> under Rule 54(d)(2)(A), "a party seeking legal fees among the items of damages, for example, fees that were incurred by the plaintiff before the litigation begins," must raise its claim before trial, *i.e.*, in a pleading. However, "fees for work done during the case should be sought after decision, when the

2

> prevailing party has been identified and it is possible to quantify the award."

*Wiley v. Mitchell*, 106 F. App'x 517, 522-23 (8th Cir. 2004) (per curiam) (internal citations and alterations omitted) (quoting *Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000)). In other words, *Wiley* stands for the proposition that where "attorney's fees [are] to be awarded to the prevailing party," they must be submitted by motion at the conclusion of the case, when the prevailing party can be identified. *Nat'l Union Fir. Ins. Co. of Pittsburgh v. Donaldson Co.*, Civ. No. 10-4948, 2016 WL 4186930, at *4 (D. Minn. Aug. 8, 2016) (discussing *Wiley*); *see also Nelson v. Frana Cos.*, No. 13-CV-2219, 2017 WL 2683957, at *1 (D. Minn. Jun. 21, 2017) (stating that, in *Wiley*, "the Eighth Circuit explained that when fees are incurred for work done during the case and their recoverability is contingent on the outcome of the case, they are not considered damages"). Other courts have similarly upheld the distinction between fees recoverable by a prevailing party (which are not substantive damages) and fees recoverable from the time of breach, independent of the commencement or outcome of any litigation (which are substantive damages).

> When a party seeks attorney's fees pursuant to a prevailing party provision, the condition precedent to recovery is "the successful litigation of a claim." Conversely, when a party seeks attorney's fees as a result of a breach "the condition precedent to recovering legal costs is a breach of contract by a party."

*Rockland Trust Co. v. Comput. Associated Int'l, Inc.*, No. 95-11683, 2008 WL 3824791, at *6 (D. Mass. Aug. 1, 2008) (internal citations and alterations omitted) (quoting *Carolina Power & Light Co. v. Dynegy Mktg. & Trade*, 415 F.3d 354, 359 (4th Cir. 2005), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, __ U.S. __, 134 S. Ct. 773 (2014)).

The operative contract provision in this case reads as follows: "If [Leading Edge]

defaults and FCS refers [Leading Edge] to an attorney for collection, FCS may, to the extent permitted by applicable law, charge [Leading Edge] or collect from [Leading Edge], FCS's collection costs, including court costs and attorney fees." FCS Appendix in Support of Motion for Summary Judgment (docket no. 53-3) at 9. As the court identified in a previous order, the language of the provision provides that collection costs are due upon Leading Edge's default and FCS's retention of an attorney. *See* July 20, 2017 Order at 27 (addressing Leading Edge's Motion to Vacate Prejudgment Attachment Lien (docket no. 70)). Accordingly, the provision is not a "prevailing party provision" that permits recovery of collection costs only upon FCS's successful litigation of a claim. Rather, the provision permits recovery of collection costs from the time of Leading Edge's breach or default. Therefore, *Wiley* does not require that the collection costs be assessed by the court pursuant to Rule 54(d)(2)(A).

Instead, given the nature of the provision at issue, the court finds the Fourth Circuit's opinion in *Carolina Power & Light* to be persuasive. In that case, the Fourth Circuit determined that attorney's fees were substantive damages to be proved at trial where "the seller's right to legal costs under the contract between the parties . . . [arose] as soon as the buyer rejects a delivery of coal." *Carolina Power & Light*, 415 F.3d at 359. *But see id.* at 363-64 (Wilkinson, J., concurring) (recognizing that other circuits have held that contractual attorney's fees are always recoverable solely by motion, but finding such approaches to be misguided because "unlike statutes, contracts have infinite variety and apply only to the parties to the contract; they are not as susceptible to an inviolable bright-line rule as statutes are"). Like the provision in this case, the contract in *Carolina Power & Light* provided that attorney's fees became due immediately upon a breach by the contracting party and, therefore, rendered the attorney's fees as substantive damages. Because the provision at issue places no prevailing-party condition on FCS's recovery of collection costs—distinguishing this case from *Wiley*—the court finds that the collection

4

costs at issue are substantive damages that must be proven at trial, consistent with the Fourth Circuit's analysis in *Carolina Power & Light*. This is consistent with the parties' litigating posture, until recently. *See, e.g.*, Response at 6-9.[1] Accordingly, because the court shall not assess collection costs by motion, the court shall deny the Application in its entirety.

### IV.  CONCLUSION

In light of the foregoing, the Application (docket no. 95) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 15th day of August, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1]  Because the court determines that the collection costs are substantive damages and, thus, outside the scope of Rule 54(d)(2) on that basis, the court need not address the additional arguments raised by the parties, including those relating to judicial estoppel, jurisdiction and the operation and constitutionality of certain state laws.  However, the court does recognize that FCS's position regarding the nature of its recovery of collection costs has appeared to shift as the proceedings in this case have developed.